**Leroy JOHNSON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civ. No. 69–356.

United States District Court
W. D. Oklahoma.

Oct. 15, 1969.

ORDER

DAUGHERTY, District Judge.

Petitioner seeks release from confinement or a modification of his five-year sentence previously imposed by this Court on his plea of guilty in Criminal Case No. 67–97, United States v. Leroy Johnson, to the crime of the interstate transportation of forged securities, 18 U.S.C. § 2314. The maximum permissible sentence for this crime is ten years. Petitioner proceeds under 28 U.S.C. § 2255.

Petitioner's Motion is based on alleged erroneous information contained in his pre-sentence report furnished the Court by the United States Probation Officer regarding his prior criminal record. The pertinent part of this report states:

———◆———

Leroy Johnson, pro se.

Givens L. Adams, Asst. U. S. Atty., Oklahoma City, Okl., for defendant.

| | |
|---|---|
| "12–21–46 | Western District of Oklahoma, Dyer Act; 5 years probation. |
| 1–17–49 | Oklahoma City, Oklahoma, four charges of Forgery Second Degree; sentenced to 5 years. |
| 6–30–51 | San Bernardino, California, Drunk; 60 days. |
| 4–15–53 | Oklahoma City, Oklahoma, Occupying a Room for Immoral Purposes; $20 bond forfeited. |
| 10–24–54 | Southgate, California, Drunk; no disposition shown. |
| 8–7–56 | Durant, Oklahoma, Burglary Second Degree; sentenced to 2 years, discharged June 1, 1957. |
| 11–2–57 | Watonga, Oklahoma, Attempted Burglary Second Degree; 1 year. |
| 7–16–58 | Oklahoma City, Oklahoma, Forgery, Second Degree AFCF; 5 years, discharged April 27, 1961. |
| 4–18–62 | Wichita Falls, Texas, Forgery and Habitual Criminal; life sentence, discharged June 29, 1965. (From information furnished by Petitioner, the Court changed the year 1966 to read 1965). |

At the present time there is a Detainer placed against this subject at Blythe, California, charging him with a Nonsufficient Funds check."

———◆———

The Petitioner asserts that his 4–18–62 Wichita Falls, Texas conviction as shown in the report is erroneous as this recidivist conviction and life sentence was invalidated in June 1965 by the United States District Court for the Southern District of Texas, Houston Division, in Civil Action No. 64–H–501, Johnson v. Beto, and that said Court invalidated the same because Petitioner was denied counsel in the 1–17–49 Oklahoma City, Oklahoma, four charges of Forgery Sec-

ond Degree conviction and five year sentence upon which the recidivist conviction was based.[1]

At the time of sentencing the following colloquy took place between the Court and Petitioner:

"The Court: That is all I know of. Anything else you wish to say?

Defendant: Well, I would like to bring this to the Court's attention. However I do not know whether it will have any bearing on the case or not. I am an alcoholic, and about ninety-five percent of the record to the Court has before it, now, can be layed to alcoholism at the doorstep, and every instant, almost, with the exception of one, I have been drinking, drinking over a long period of time and really drunk when the crimes were committed. *I don't deny the crimes*, but I do say that about ninety-five percent of the cause of it is from alcohol.

The Court: Well, you served something over four years in the Texas penitentiary, didn't you?

Defendant: Yes, sir.

The Court: And you didn't stay drunk while you were in the penitentiary, did you?

Defendant: No, sir, I didn't.

The Court: You were discharged June 29th of '66, and this trouble in January of '67, about six months later.

Defendant: Yes, sir. That discharge, Your Honor, I am pretty sure, from the Texas State Penitentiary, was July the 1st of 1965, the Southern District of Houston, the United States Court, [United States District Court for the Southern District of Texas, Houston Division] issued the order for the writ of habeas corpus to issue on the 29th, but I wasn't released until the 1st day of July.

The Court: What year?

Defendant: '65

The Court: '65?

Defendant: Yes, sir.

The Court: And not '66?

Defendant: Yes, sir.

The Court: You were out a year and a half, then?

Defendant: Yes, sir.

The Court: Well then, you only did about three years in Texas?

Defendant: Yes, sir, about three years inside, and I did about a year in jail *waiting for an appeal* and so on. (emphasis added)

The Court: *Well, you have had five penitentiary sentences, haven't you?*

Defendant: *Yes, sir.*" (Emphasis added.)

Thus, Petitioner was afforded the opportunity and right of allocution before sentencing and he availed himself of the same to acknowledge his guilt of all his former crimes and further to advise the Court that he had been released on his 4–18–62 Wichita Falls, Texas, conviction and life sentence through a habeas corpus proceeding in the United States District Court for the Southern District of Texas, Houston Division. The Court, therefore, was furnished with information by the Petitioner prior to sentencing which corrected the report. The Court was made aware that this conviction and life sentence had been upset in a habeas corpus proceeding in

1. These allegations are not correct according to the Memorandum Opinion issued by the Court in Civil Action No. 64–H–501, supra, as said Opinion states: "Upon Petitioner's trial in the 89th District Court of Wichita County, Texas, the state selected for enhancement purposes the following two prior convictions from Oklahoma: State of Oklahoma v. Leroy Johnson, Cause No. 19027, in which judgment and sentence issued out of the Seventh Judicial District Court, Oklahoma County, on January 12, 1949; State of Oklahoma v. Leroy Johnson, Cause No. 3868, in which judgment and sentence issued out of the District Court, Grady County, Oklahoma, on August 8, 1958." The Grady County conviction of Petitioner was not shown on the pre-sentence report.

federal court and understood and considered that said conviction and life sentence had been vacated and set aside in such proceeding.

In determining the proper sentence on Petitioner's plea of guilty in this case, this Court was not concerned with the technicalities of Petitioner's previous criminal proceedings. When Petitioner voluntarily advised the Court that he was guilty of his previous crimes, it was this information, showing a life of crime for a span of over twenty years, that the Court considered in determining the sentence herein eliminating entirely from consideration and thought the conviction and life sentence assessed by a jury in the Wichita Falls, Texas case because the Court realized from advice by Petitioner himself that this conviction and sentence had been found defective and vacated in a federal habeas corpus proceeding.[2] In this connection, it is significant to note that the United States District Court for the Southern District of Texas, Houston Division, in Civil Action No. 64–H–501 stated in its Memorandum Opinion:

> The determination in this hearing that the Oklahoma judgment (referring to the one, 1–17–49 Oklahoma City, Oklahoma, conviction used for enhancement of punishment purposes) was void will not bind that Court if the issue should ever become important there. It is a determination that the judgment is an impermissible basis for Texas confining the prisoner longer than would otherwise have been possible. The violation of due process in this case is by Texas, not the foreign jurisdiction. It is the use by Texas of an invalid conviction to enhance the defendant's punishment that is the unconstitutional act with which this Court is concerned."

Therefore, in this case the alleged erroneous information in the Probation Officer's Report was corrected by Petitioner in open court before sentencing and was not considered by the Court in fixing the sentence herein.

---

2. In eliminating such conviction and sentence from consideration, the Petitioner received an undue benefit for according to the Memorandum Opinion in Civil Action No. 64–H–501, supra, the Court only invalidated the punishment. The conviction of the offense was declared valid.